IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JASON BLAINE STAATS,

      Plaintiff,

v.                                       Case No. 2:17-cv-04581

WEST VIRGINIA REGIONAL
JAIL AUTHORITY; and
OFFICER CHAD SMARR,

      Defendants.

**MEMORANDUM OPINION and ORDER**

Pending is Plaintiff's Motion for Appointment of Counsel and for assistance. (**ECF No. 43**). For the reasons that follow, the Court **DENIES** the motion for appointment of counsel, without prejudice to reconsideration of Plaintiff's request for counsel in the future.

Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Branch v. Cole,* 686

F.2d 264, 266 (5th Cir. 1982). ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it.") (footnote omitted).

Here, Plaintiff argues that his case justifies the appointment of counsel because he is unable to retain a lawyer and knows very little about the law or litigation. Unfortunately, these are not "exceptional" grounds meriting the appointment of counsel. Moreover, while Plaintiff's incarceration undoubtedly makes it more difficult for him to prosecute his lawsuit, this circumstance does not, in and of itself, satisfy the "exceptional" standard. *See, e.g., Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W. Va. Apr. 12, 2010). The undersigned has examined the complaint and other documents filed by Plaintiff and finds Plaintiff capable of presenting his claims at this stage of the litigation. Therefore, his motion must be denied at this time. It is so **ORDERED**.

With respect o Plaintiff's questions regarding discovery responses, he should mail his answers to the lawyers representing the defendants. Plaintiff should also prepare a one-page "Certificate of Service," which he should send to the Clerk of Court. The Certificate should state that on the  (fill in date)  day of 2019, Plaintiff mailed his answers to interrogatories and requests for the production of documents to the Defendants' lawyers. The authorization forms should also be sent to the Defendants' attorney, not to the Court.

In view of Plaintiff's lockdown status, it is further **ORDERED** that the parties shall have through and including **June 10, 2019** in which to send interrogatories

(written questions), requests for admissions, and requests for documents to the adverse parties.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** May 16, 2019

Cheryl A. Eifert
United States Magistrate Judge